IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARK G. BRADLEY, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. PX 16-1501 |
| OCWEN LOAN SERVICING, LLC, | * | |
| Defendant. | * | |
| | ****** | |

**MEMORANDUM OPINION**

Mark G. and Marlene D. Bradley (collectively, "Plaintiffs"), filed a "Motion to Quiet and Void Invalid and Fraudulent Contract and Title" (the "Complaint") against Defendant Ocwen Loan Servicing, LLC ("Ocwen"). Currently pending before the Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 9) and Plaintiffs' Motion to Compel (ECF No. 12). The relevant issues have been fully briefed and the court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons set forth below, the Court will GRANT Defendants' Motion to Dismiss and Plaintiff's Motion to Compel will be DENIED as MOOT.

I. **Background**

One year ago, on March 10, 2015, Plaintiffs filed a lawsuit against Ocwen in the Circuit Court for Prince George's County, Maryland, which Ocwen removed to this Court entitled *Bradley v. Ocwen*, Case No. 8:15-cv-01369-PWG (the "Prior Action"). The following facts are

taken from the present Complaint and supplemented from record of the Prior Action and exhibits from the Defendants.[1]

### a. Factual Background

Plaintiffs are the owners of real property located at 37 Laughton Street, Upper Marlboro, Maryland 20774 (the "Subject Property"). *See* Prior Action, ECF No. 2 at 1. On December 27, 2006, Plaintiffs acquired a $380,700.00 loan from American Brokers Conduit ("American Brokers") to refinance the Subject Property, the terms of which are reflected in an adjustable rate note (the "Note") executing a Refinance Deed of Trust to use the Subject Property as collateral (the "Deed of Trust"). *See* ECF No. 9-1; Prior Action, ECF No. 2 at 1. The Deed of Trust, recorded among the land records of Prince George's County at Liber 27107, Folio 001, identified the Lender as American Brokers and the Trustee as Andrew Valentine. Mortgage Electronic Registration Systems, Inc. ("MERS") is named as beneficiary of the Deed of Trust "solely as a nominee for Lender and Lender's successors and assigns." ECF No. 9-1. By Corporate Assignment of Deed of Trust dated February 20, 2015, MERS assigned its interest in the Deed of Trust to Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2007-1 ("Deutsche Bank, as Trustee"), its successors and assigns (the "Assignment Deed"). The Assignment Deed is recorded in the land records of Prince George's County at Book 36877, Page 166. ECF No. 9-2.

Plaintiffs' present Complaint alleges that (1) Ocwen "violated 15 U.S.C. 1692e (13) by representing to have original documentations with signatures;" (2) "without a contract, the complaining party has no standing in court"; (3) "Banks must produce the original contract;" and

---

[1] The Complaint in the Second Action does not specifically identify the "property," "contract," "original documents" or "promissory note" which Plaintiffs dispute. *See, e.g.*, ECF No. 2. However, this Court can take judicial notice of the complaint in the Prior Action when the res judicata defense raises no disputed issues of fact. *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000). Plaintiffs do not dispute the factual accuracy of the record of the Prior Action.

(4) "no legal proceeding has subject matter jurisdiction until the original, signed, promissory note is produced." ECF No. 2 at 1–2, 5–7.

### b. Procedural Background

On March 16, 2016, the Prior Action was dismissed with prejudice upon Ocwen's Rule 12(b)(6) motion to dismiss. Plaintiffs did not appeal that judgment. Instead, Plaintiffs filed the instant lawsuit in state court, which Ocwen again timely removed to this Court (the "Second Action"). ECF No. 1.

On May 24, 2016, Ocwen filed the present Motion to Dismiss and Incorporated Memorandum Law asserting the doctrine of res judicata. ECF No. 9. The next day, Plaintiffs were provided with a *Roseboro* notice via letter, which advised them of the pendency of the motion to dismiss and their entitlement to respond within seventeen days. ECF Nos. 10 and 11; *see Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (holding that *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment). The letter also warned Plaintiff that failure to respond in opposition could result in the dismissal of their case without further notice. To date, Plaintiffs have not filed any opposition to the motion to dismiss, and the time for them to do expired on June 10, 2016. Local Rule 105.2(a). Instead, on June 10, 2016, Plaintiffs filed a Motion to Compel the production of certain documents. ECF No. 12. Accordingly, Defendants' motion is unopposed.

## II. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Ultimately, a complaint must "'permit the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

"Where the allegations of the complaint give rise to an affirmative defense, the defense may be raised under Rule 12(b)(6), but only if it clearly appears on the face of the complaint" and the documents proper for consideration therewith. *Richmond, Frederiskburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993). In reviewing the motion to dismiss, the court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Here, the Note, the Deed of Trust, and the Assignment

are referenced in the complaint and are integral, as they provide the basis for the parties' rights to the Subject Property. Accordingly, these documents may be considered without converting the motion into one for summary judgment. In addition, facts and documents subject to judicial notice may be considered by a court, without converting the motion under Rule 12(d). *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011). Here, the Court may take judicial notice of the prior litigation between the parties in this Court and consider related documentation. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) ("[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact.").

Generally, *pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "even a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief." *Forquer v. Schlee*, No. RDB–12–969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (internal quotation marks omitted) (citing *Iqbal*, 556 U.S. at 679; *O'Neil v. Ponzi*, 394 F. App'x. 795, 796 (2d Cir. 2010)).

### III.     Discussion

Res judicata, or claim preclusion, is a judicial doctrine by which "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States,* 440 U.S. 147, 153 (1979); *see Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). The doctrine precludes parties from "contesting matters that they have

had a full and fair opportunity to litigate," thereby conserving judicial resources and minimizing the possibility of inconsistent decisions. *Montana*, 440 U.S. at 153-54.

The doctrine of res judicata was "designed to protect 'litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation.'" *Laurel Sand & Gravel*, 519 F.3d at 161-62 (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). Res judicata also extends to claims that could have been asserted and litigated in the original suit. *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013).

This Court shall apply the law of the tribunal in which the prior judgment was entered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see also Laurel Sand & Gravel*, 519 F.3d at 162 ("Generally, the preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered."); *accord Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005).

The elements of res judicata under federal law are analogous to those under Maryland law: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or their privies in the two suits." *Clodfelter*, 720 F.3d at 210 (citation and quotation marks omitted); *see Andrews*, 201 F.3d at 524; *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996).

Each element is satisfied here. First, plaintiff has filed a prior action in this Court. *See* Prior Action, ECF No. 19. After briefing by both parties, this case resulted in final judgments on the merits—dismissal of plaintiff's claims, with prejudice. *See* Prior Action, ECF No. 19 a 12.

Second, the parties in the Prior Action and the Second Action are identical. Mark and Marlene Bradley are the plaintiffs in the Prior Action and Second Action. *See* Prior Action, ECF

No. 2; Second Action, ECF No. 2. Ocwen is the defendant in the Prior Action and Second Action. *See* Prior Action, ECF No. 2; Second Action, ECF No. 2. Accordingly, the second element of res judicata is satisfied.

Third, the claims in both actions are "identical" for purposes of res judicata. A claim is identical if it "involves a right arising out of the same transaction or series of connected transactions that gave rise to the claims in the first action." *Harnett v. Billman*, 800 F.2d 1308, 1314 (4th Cir. 1986); *see Clodfelter*, 720 F.3d at 210 ("[W]e follow the transactional approach when considering whether causes of action are identical: As long as the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect." (citation and quotations omitted)); *In re Varat Enterprises, Inc.*, 81 F.3d at 1316. Notably, "[u]nder this transactional approach, res judicata will bar a 'newly articulated claim[ ]' if it is based on the same underlying transaction and could have been brought in the earlier action."*Clodfelter*, 720 F.3d at 210 (citing *Laurel Sand & Gravel*, 519 F.3d at 162).

Although neither the complaint in the Prior Action, nor the Complaint in the Second Action sets forth a specific cause of action—both the Prior Action and Second Action seek to quiet title to the Subject Property. In the Prior Action, Plaintiffs claimed that they hold title to the Subject Property primarily on the theory that only the original Note can encumber the Subject Property, and Ocwen only has a photocopy of the Note. Prior Action, ECF No. 2. Plaintiffs further claimed that Ocwen is not the holder in due course of the authentic original unaltered promissory note and denied the validity of signatures on any photocopy of the Note. *Id.* Plaintiffs also insisted that Ocwen is not a real party in interest and therefore lacked standing. *Id.* Finally, Plaintiffs alleged violations of "numerous sections of the Statutes at Large," including 15 U.S.C.

§ 1692. *Id*. at 1. This Court analyzed and disposed of all of Plaintiffs' claims in the Prior Action. *See* Prior Action, Memorandum Opinion and Order, ECF No. 19.

The Complaint in the Second Action focuses on the same transactions or series of transactions, *i.e.* the Note and Deed of Trust. Plaintiffs similarly claim that (1) Ocwen "violated 15 U.S.C. 1692e (13) by representing to have original documentations with signatures;" (2) "without a contract, the complaining party has no standing in court"; (3) "Banks must produce the original contract;" and (4) "no legal proceeding has subject matter jurisdiction until the original, signed, promissory note is produced." ECF No. 2 at 1–2, 5–7. Because Plaintiffs' claims and the "nucleus of facts" in the First Action and Second Action are functionally identical, the third element of res judicata is satisfied, and this Court will DISMISS the Complaint with prejudice.

## IV.   DISMISSAL WITH PREJUDICE

Federal Rule of Civil Procedure 15(a)(2) governs any requests to amend a complaint, and requires that leave be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should only be denied when permitting an amendment would be prejudicial to the opposing party, there has been bad faith on the part of the movant, or when the amendment would be futile. *Laber v. Harvey*, 438 F.2d 404, 426 (4th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In the First Action, the Court reviewed and rejected claims from Plaintiffs, after providing the Plaintiffs opportunity to amend to cure deficiencies in their complaint. Prior Action, ECF No. 19 at 12. More broadly, this Court has repeatedly rejected this "show me the note" claim in other cases. *See Jones v. Bank of N.Y. Mellon*, No. DKC–13–3005, 2014 WL 3778685, at *4 (D. Md. Jul. 29, 2014); *Harris v. Household Finance Corp.*, RWT–14–606, 2014

WL 3571981, at *2 (D. Md. Jul. 18, 2014) (explaining that "there is no recognizable claim" that a mortgagor must "produce 'wet ink' signature documents" in order for a mortgage to be valid); *Quattlebaum v. Bank of Am., N.A.*, No. CIV.A. TDC-14-2688, 2015 WL 1085707, at *6 (D. Md. Mar. 10, 2015). Any amendment in the instant action would be futile because the claims are properly barred from relitigation under the doctrine of res judicata.

**V.     CONCLUSION**

Accordingly, this Court will GRANT the Defendant's motion to and will DISMISS this case WITH PREJUDICE. A separate order will follow.

 8/29/2016                                        /S/
Date                                                 Paula Xinis
                                                     United States District Judge